IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RAY DEAN PLEASANT, AIS 232046, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:24-cv-194-MHT-SMD |
| | ) (WO) |
| YESCARE, | ) |
| Defendant. | ) |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

Ray Dean Pleasant, a state prisoner proceeding *pro se*, filed this civil action on March 27, 2024. Doc. 1. Pleasant applied for leave to proceed *in forma pauperis* and submitted information about the funds in his inmate account. Docs. 2 and 3. On March 28, 2024, based on Pleasant's inmate-account information, the court entered an order directing him to pay an initial partial filing fee of $1.67 by April 12, 2024.[1] Doc. 5. In that order, the court specifically cautioned Pleasant that his failure to comply with the order's directives would result in a recommendation that his case be dismissed. *Id*. at 2. Pleasant did not comply with those directives and instead moved in June 2024 for the court to waive the initial partial filing fee. Doc. 8. The court denied Pleasant's motion but extended the deadline for him to pay the initial partial filing fee to August 9, 2024. Doc. 9.

---

[1] The initial partial filing fee is 20 percent of the greater of the average monthly deposits to or the average monthly balance in an inmate's account for the six-month period before a complaint is filed. *See* 28 U.S.C. § 1915(b)(1)(A)–(B). During the six-month period immediately preceding the filing of his complaint, the average monthly deposits to Pleasant's inmate account was $8.33. Doc. 3. Thus, under 28 U.S.C. § 1915(b)(1), Pleasant was ordered to pay an initial partial filing fee of $1.67 (20 percent of $8.33).

As of the date of this Recommendation, Pleasant has not submitted the initial partial filing fee in compliance with the court's orders. The undersigned thus concludes that Pleasant's case should be dismissed without prejudice. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash Railroad Co.*, 370 U.S. 626, 629–30 (1962). This authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id*. It also empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630–31.

The undersigned finds that sanctions lesser than dismissal would not suffice. *See Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989). Accordingly, based on the above, the undersigned RECOMMENDS that this case be DISMISSED without prejudice.

It is further ORDERED that by **September 6, 2024**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. frivolous, conclusive, or general objections will not be considered by the court. The parties are advised that this Recommendation is not a final order and is therefore not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) will bar a party from a de novo

determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

    DONE this 23rd day of August, 2024.

                                /s/ Stephen M. Doyle
                                STEPHEN M. DOYLE
                                CHIEF U.S. MAGISTRATE JUDGE